UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL JEFFRIES,

                                                               Plaintiff,     **AMENDED COMPLAINT**

                -against-                                 12 Civ. 5479 (LAK) (AJP)

THE CITY OF NEW YORK, SGT. MARK PORTELLI,     **JURY TRIAL DEMANDED**
P.O. CECILIA CRUZ, P.O. DANIEL STAPLE, and P.O.s
JOHN and JANE DOE #1-10, individually and in their
official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                                Defendants.

------------------------------------------------------------------X

       Plaintiff MICHAEL JEFFRIES, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

       4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff MICHAEL JEFFRIES is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants SGT. MARK PORTELLI, P.O. CECILIA CRUZ, P.O. DANIEL STAPLE, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On January 3, 2012, at approximately 1:30 p.m., plaintiff MICHAEL JEFFRIES was lawfully present inside 680 Tinton Avenue, Apartment 14C, in the County of Bronx, in the City and State of New York.

14. At aforesaid time and place, plaintiff MICHAEL JEFFRIES' mother called 911 because the two of them were having an argument.

15. Defendants P.O. CECILIA CRUZ and P.O. DANIEL STAPLE responded to the 911 call, followed approximately ten minutes later by SGT. MARK PORTELLI and P.O.s JOHN and JANE DOE #1-10.

16. At no time did plaintiff MICHAEL JEFFRIES pose a danger or appear to pose a danger to his mother or any police officer.

17. Nonetheless, defendants tased plaintiff MICHAEL JEFFRIES, threw him facedown on the ground, kneed him in his back, and stepped on his face.

18. As a result of this assault, plaintiff MICHAEL JEFFRIES sustained injuries, *inter alia*, to his torso, back, and face.

19. Defendants handcuffed plaintiff MICHAEL JEFFRIES and placed him under arrest despite defendants' knowledge that they lacked probable cause to do so.

20. Defendants transported plaintiff MICHAEL JEFFRIES to Lincoln Hospital, where he was treated for the injuries that defendants had inflicted.

21. From the hospital, defendants transported plaintiff MICHAEL JEFFRIES to PSA 7 of the New York City Police Department in Bronx, New York, and from there to Bronx Central Booking.

22. Plaintiff MICHAEL JEFFRIES was held and detained in custody for approximately twenty-four hours.

23. Defendants initiated criminal proceedings against plaintiff MICHAEL JEFFRIES, despite defendants' knowledge that they lacked probable cause to do so.

24. Plaintiff MICHAEL JEFFRIES was required to make several court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

25. On or about March 8, 2012, all charges against plaintiff MICHAEL JEFFRIES were dismissed.

26. As a result of the foregoing, plaintiff MICHAEL JEFFRIES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff MICHAEL JEFFRIES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. As a result of the aforesaid conduct by defendants, plaintiff MICHAEL JEFFRIES was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

35. As a result of the foregoing, plaintiff MICHAEL JEFFRIES's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants issued legal process to place plaintiff MICHAEL JEFFRIES under arrest.

38. Defendants arrested plaintiff MICHAEL JEFFRIES in order to obtain a collateral objective outside the legitimate ends of the legal process.

39. Defendants acted with intent to do harm to plaintiff MICHAEL JEFFRIES without excuse or justification.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

42. As a result of the aforementioned conduct of defendants, plaintiff was subjected to excessive force and sustained physical injuries.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff MICHAEL JEFFRIES.

48. Defendants lacked probable cause to initiate criminal proceedings against plaintiff MICHAEL JEFFRIES.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff MICHAEL JEFFRIES.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff MICHAEL JEFFRIES.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff MICHAEL JEFFRIES.

52. Defendants acted with malice in continuing criminal proceedings against plaintiff MICHAEL JEFFRIES.

53. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

54. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff MICHAEL JEFFRIES's favor on or about March 8, 2012, when all charges against him were dismissed.

**SIXTH CLAIM FOR RELIEF**
**FAILURE TO INTERVENE**

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Each and every individual defendant had an affirmative duty to intervene on plaintiff MICHAEL JEFFRIES' behalf to prevent the violation of his constitutional rights.

57. The individual defendants failed to intervene on plaintiff MICHAEL JEFFRIES' behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

58. As a result of the aforementioned conduct of the individual defendants, plaintiff MICHAEL JEFFRIES's constitutional rights were violated and he was subjected to excessive force, false arrest, and malicious prosecution.

### SEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants arrested and incarcerated plaintiff MICHAEL JEFFRIES in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

61. Defendants employed excessive force while taking plaintiff MICHAEL JEFFRIES into custody.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

63. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, using excessive force on minority males while taking them into custody and arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

65. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Anwaar Muhammad City of New York,** United States District Court, Eastern District of New York, 04 CV 1044;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185;

- **Danny Rodriguez and Jose Rodriguez v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 0357;

- **Pierre Francis v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 11468;

- **Lakus Brown v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11186;

- **Daniel Castro v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11602;

- **Yves Etienne v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 3361;

- **Daniel Claudio v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 0022;

- **Tori Staton v. City of New York,** United States District Court, Southern District of New York, 08 Civ. 4423;

- o **Leon Brown v. City of New York,** United States District Court, Eastern District of New York, 09 CV 4853; and

- o **Douglas Hines v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 10457.

66. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals," from the information about quotas provided by police officers Adrian Schoolcraft and Adil Polanco, and from audiotapes secretly recorded at the 81st Precinct in September 2010.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff MICHAEL JEFFRIES.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MICHAEL JEFFRIES as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff MICHAEL JEFFRIES as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MICHAEL JEFFRIES was assaulted, falsely arrested, and incarcerated.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff MICHAEL JEFFRIES.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff MICHAEL JEFFRIES' constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff MICHAEL JEFFRIES of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon him;

    D. To be free from unwarranted and malicious criminal prosecution;

    E. To be free from malicious abuse of process;

    F. Not to have cruel and unusual punishment imposed upon him; and

    G. To receive equal protection under the law.

74. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of three million dollars ($3,000,000.00).

**WHEREFORE**, plaintiff MICHAEL JEFFRIES demands judgment in the sum of three million dollars ($3,000,000.00) in compensatory damages and three million dollars ($3,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
             November 14, 2012

                                                                            /s

                                                ROSE M. WEBER (RW 0515)
                                                225 Broadway, Suite 1607
                                                New York, NY 10007
                                                (212) 748-3355